UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH, ) | Civ. 10-4053- KES |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | ORDER GRANTING |
| (WOODY) WOODWARD, West Hall, ) | STAY OF DISCOVERY |
| Unit Manager; JEFF BAKER; ) | |
| Correctional Officer; PAM ) | |
| LINNEWEBER, West Hall, Case ) | |
| manager; ROBERT ) | |
| FREDRICKSON, Jameson Annex ) | |
| Mental Health Supervisor; ) | |
| DOUGLAS L. WEBER, Warden, ) | |
| South Dakota Department of ) | |
| Corrections; KEITH CRAWFORD, ) | |
| Inmate, South Dakota State ) | |
| Penitentiary; and HEALTH ) | |
| SERVICE MENTAL HEALTH, ) | |
| JAMESON, South Dakota State ) | |
| Penitentiary, ) | |
| ) | |
| Defendants. ) | |

Plaintiff, Bruce Edgar Smith, has filed a § 1983 action against defendants, alleging they failed to protect him from an attack by inmate Keith Crawford. Smith is incarcerated at the South Dakota State Penitentiary. Defendants move for a protective order and stay of discovery until the issue of qualified immunity is resolved. (Docket 41). Smith opposes staying discovery and has filed a number of motions to compel discovery. He

has also filed a "Motion of Proof of Defendants' Deliberate Indifference," which defendants oppose.

Defendants assert they are entitled to a stay of discovery until the issue of qualified immunity is resolved, because all of Smith's claims are subject to the qualified immunity defense. Defendants assert that Smith's only legitimate claim for injunctive relief against the defendants in their official capacities, a request for a Separation Order against defendant inmate Keith Crawford is moot because prison officials have already separated them.[1] Smith does not dispute this.

## DISCUSSION

When an inmate seeks injunctive relief in conjunction with an Eighth Amendment claim, it should not be granted without "the threat of future inhumane conditions of confinement and wanton infliction of pain." *DeGidio v. Pung*, 704 F. Supp. 922, 960 (D. Minn. 1989). An inmate must demonstrate that prison officials are "knowingly and unreasonably disregarding an objectively intolerable risk of harm and that they will continue to do so." *Smith v. Ark. Dep't of Corr.*, 103 F.3d 637, 645 (8th Cir.

---

[1] Smith also requests injunctive relief for "all my heart ack [sic] that I have been going through with the Native Americans here at the prison to go away, and the only way that this will happen time will have to go by." Docket 1. Defendants correctly assert that this is not a legitimate claim for prospective relief.

1996) (internal citations omitted). Because defendants have already separated Smith and Crawford, there is no threat of future harm.

Defendants argue that a stay of discovery is appropriate until the issue of qualified immunity is resolved. Smith opposes a stay of discovery. He argues that because a scheduling order has been entered in this case, granting a stay of discovery is inappropriate. Docket 50, 53. His arguments are unavailing.

Qualified immunity protects prison officials from litigation itself, not merely liability. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (noting that the doctrine of qualified immunity provides "an immunity from suit rather than a mere defense to liability"). This immunity from suit applies to discovery because it "can be peculiarly disruptive of effective government." *Id.* (internal citations omitted). Qualified immunity protects government officials from the burdens of broad discovery. *Wilson v. Northcutt,* 441 F.3d 586, 590 (8th Cir. 2006). In this case, Smith has submitted 296 interrogatories and requests for admission and filed motions, with this court seeking the production of documents and electronically stored information. Docket 43, ¶ ¶ 2-4, 43-1, 43-2, 43-3. The volume and quality of Smith's requests demonstrate that the Eighth Circuit's concern with the burden of discovery on public officials is well founded.

Defendants have indicated that they intend to move for summary judgment based on qualified immunity. "The purpose in moving for summary judgment, under the privilege of qualified immunity, is to avoid having government officers subjected to the expense and delay of discovery." *Fitzgerald v. Patrick*, 927 F.2d 1037, 1039 (8th Cir. 1991). "Both the Supreme Court and the Eighth Circuit have "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *O'Neil v. City of Iowa City*, 496 F.3d 915, 917 (8th Cir. 2007). Because qualified immunity protects public officials from discovery, defendants' motion for a protective order and stay of discovery is granted.

Smith also moves for miscellaneous relief. He filed a "Motion of Proof of Defendants' Deliberate Indifference." Docket 40. In his brief in support of his motion, Smith provides a chronological summary of the day he was assaulted. Docket 49. He discusses what he sees as the differing penalties meted out by the DOC to inmate Crawford for various infractions against other inmates. *Id.* Defendants oppose this motion and argue that Smith has failed to include any affidavits or other admissible evidence to support his version of events; rather he relies on hearsay. The motion does not ask for any relief or to admit any evidence. Rather, it is a recitation of Smith's version of the facts of the case and his legal theories. It is more analogous to a brief on the merit's of Smith's § 1983 claim than a motion. Accordingly,

4

because the court cannot ascertain what Smith seeks in his motion, his motion is denied. The court will construe his motion as a brief on the merits and consider it when defendants file their motion for summary judgment. Accordingly, it is

ORDERED that defendants' motion for a protective order and stay of discovery (Docket 41) is granted until the question of qualified immunity is resolved.

IT IS FURTHER ORDERED that Smith's motion of proof of defendants' deliberate indifference (Docket 40) is denied.

IT IS FURTHER ORDERED that Smith's discovery motions (Docket 34, 39, 46, 47, 51) are denied.

Dated October 4, 2010.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE