UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| BRUCE EDGAR SMITH, | ) | Civ. 10-4053-KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING SUMMARY |
| | ) | JUDGMENT |
| (WOODY) WOODWARD, West Hall, Unit Manager; | ) ) | |
| JEFF BAKER, Correctional Officer; | ) | |
| PAM LINNEWEBER, West Hall, Case Manager; | ) ) | |
| ROBERT FREDRICKSON, Jameson Annex Mental Health Supervisor; | ) ) | |
| DOUGLAS L. WEBER, Warden, South Dakota Department of Corrections; | ) ) ) | |
| KEATH CRAWFORD, Inmate, South Dakota State Penitentiary; and | ) ) ) | |
| HEALTH SERVICE MENTAL HEALTH, JAMESON, South Dakota State Penitentiary, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, Bruce Edgar Smith, filed this pro se civil rights suit pursuant to 42 U.S.C. § 1983. Smith is incarcerated at the South Dakota State Penitentiary (SDSP) in Sioux Falls, South Dakota. He claims that prison officials failed to protect him from an assault by inmate Keath Crawford, who is also named as a defendant in this action. For the assault, Smith seeks a separation order against inmate Keath Crawford, damages of $15,000, and for "all my heart ack

that I have been going through with the Native Americans here at the prison to go away." Docket 1 at 19. Defendants move for summary judgment.

## FACTUAL BACKGROUND

The facts, taken in the light most favorable to Smith, the nonmoving party, are as follows.[1] On March 26, 2010, inmate Keath Crawford assaulted Smith in West Hall of the SDSP. Correctional officers broke up the fight, cuffing Crawford and transferring him to the Jameson Annex of the prison for discipline. Smith was then taken to Health Services and checked for injuries. He later returned to West Hall. Smith was not disciplined. Crawford has remained at the Jameson Annex.

No known history of conflict existed between Smith and Crawford. Nor did Smith warn anyone prior to the assault that he feared an attack by Crawford. The SDSP has no record of Smith seeking protection from Crawford prior to the assault. Moreover, according to defendants, Smith and Crawford have resolved their differences. Specifically, defendants assert that a few weeks after the assault, on April 6, 2010, Smith approached Crawford as he was being escorted by correctional officers. They then spoke and resolved the animosity between them. According to defendants, Smith shook Crawford's

---

[1] Smith submitted a response to defendants' statement of material facts. In his response, he admits essentially all material facts set forth by defendants. Thus, the facts set forth here are taken primarily from defendants' statement of material facts. Docket 58. See also D.S.D. Civ. LR 56.1(D) ("All material facts set forth in the movant's statement of material facts will be deemed to be admitted unless controverted by the opposing party's statement of material facts.").

2

hand at the end of this exchange. Smith denies that this encounter took place. Regardless, Crawford has remained housed in Jameson Annex, away from Smith's placement in West Hall, since the assault.

Smith submitted an administrative remedy request and asked that a separation order be entered between Crawford and him. Prison officials denied this request because Smith and Crawford were not housed in the same unit when the request was made. Thus, staff did not feel that a separation order was necessary.

Smith later initiated this lawsuit, claiming that defendants were deliberately indifferent to his safety in violation of the Eighth Amendment. He sued defendants Brad Woodward, the Unit Manager for West Hall; Jeff Baker, a SDSP correctional officer; Pam Linneweber, a case manager for West Hall; Robert Fredrickson, the Clinical Director for Mental Health Services at the SDSP; Douglas Weber, the warden of the SDSP; Keath Crawford, the inmate who assaulted him; and Health Service Mental Health, Jameson, a branch of the South Dakota Department of Human Services. Defendant Keath Crawford did not answer Smith's complaint. But the other defendants answered and specifically denied they had advance notice the assault on Smith. They also asserted that the Eleventh Amendment and qualified immunity protected them from liability. Defendants now move for summary judgment.

**STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the case under the governing substantive law will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not appropriate if a dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

The moving party bears the burden of bringing forward sufficient evidence to establish that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The nonmoving party is entitled to the benefit of all reasonable inferences to be drawn from the underlying facts in the record. *Vette Co. v. Aetna Cas. & Sur. Co.*, 612 F.2d 1076, 1077 (8th Cir. 1980). The nonmoving party may not, however, merely rest upon allegations or denials in its pleadings, but must set forth specific facts by affidavits or otherwise show that a genuine issue exists. *Forrest v. Kraft Foods, Inc.*, 285 F.3d 688, 691 (8th Cir. 2002).

Rule 56 of the Federal Rules of Civil Procedure applies to prisoner litigants, despite the liberal construction afforded to their pro se pleadings. *Quam v. Minnehaha Cnty. Jail*, 821 F.2d 522 (8th Cir. 1987). The district court is not required to "plumb the record in order to find a genuine issue of material fact." *Barge v. Anheuser-Busch, Inc.*, 87 F.3d 256, 260 (8th Cir. 1996).

## DISCUSSION

### I.  Smith has not Alleged the Capacity in which He Sues Defendants.

Smith's complaint does not clearly indicate the capacity in which he is suing defendants. See Docket 1. Prison officials may be sued in both their official and individual capacities. This distinction is more than a mere pleading device; it carries with it substantive implications for the outcome of a case. *See generally Kentucky v. Graham*, 473 U.S. 159, 163-67 (1985). Thus, as a threshold matter this court must consider whether the case is proceeding against defendants in their individual or official capacities or both.

Defendants correctly assert that in the Eighth Circuit "absent a clear statement that officials are being sued in their personal capacities," a complaint under § 1983 is interpreted as including only official capacity claims. *Murphy v. State of Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997); *Nix v. Norman*, 879 F.2d 429, 430-31 (8th Cir. 1989). But the plaintiffs in the cases cited by defendants were represented by attorneys; Smith is proceeding pro se. Pro se complaints are held to less stringent standards than pleadings drafted by

lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). But pro se litigants must still comply with the Federal Rules of Civil Procedure. *Quam*, 821 F.2d at 522.

Rule 9(a)(1) of the Federal Rules of Civil Procedure provides, "*Except when required to show that the court has jurisdiction*, a pleading need not allege a party's capacity to sue or be sued." Fed. R. Civ. P 9(a)(1)(A) (emphasis added). The Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees. *Rose v. State of Nebraska*, 748 F.2d 1258, 1262 (8th Cir. 1984), *cert. denied*, 474 U.S. 1014 (1985) (citing *Edelman v. Jordan*, 415 U.S. 651, 678 (1974)). Thus, Rule 9(a) appears to require Smith to make a capacity allegation in the complaint. *See Nix*, 879 F.2d at 431. Because he has not done so, this court construes Smith's complaint as solely alleging claims against defendants in their official capacities.

II.     **Smith's Official Capacity Claims Fail.**

        A.     **The Eleventh Amendment bars Smith's Claim for Money Damages.**

Smith's claim for money damages is barred. A claim against an individual state actor in his official capacity is in reality a complaint against the state. *Graham*, 473 U.S. at 165-66 (citing *Monell v. New York City Dep't of Social Serv.*, 436 U.S. 658, 690 (1978)). An action is barred by the Eleventh Amendment if the state has not consented to suit because its immunity has not been abrogated by Congress. *See Quern v. Jordan*, 440 U.S.332 (1979) (holding the passage of the Civil Rights Act of 1871 did not abrogate immunity

under the Eleventh Amendment). Moreover, neither a state nor its officials acting in their official capacities are considered "persons" who may be sued for money damages under § 1983. *Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *Accord McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008) (reversing denial of summary judgment for state official under § 1983 even where sovereign immunity was waived by removal to federal court). Because South Dakota has not consented to suit and its officials acting in their official capacities may not be sued for damages under § 1983, Smith's damages claim is barred. A state official, however, may be sued in his or her official capacity for injunctive relief under § 1983. *Will*, 491 U.S. at 71 n.10. Thus, the court analyzes the merits of Smith's claims for injunctive relief.

    **B.**    **Smith Is Not Entitled to Prospective Relief.**

Smith seeks a separation order against inmate Keath Crawford and asks that "all my heart ack that I have been going through with the Native Americans here at the prison to go away." Docket 1 at 19. Defendants argue Smith is not entitled to injunctive relief because he has failed to identify a policy or custom of unconstitutional action. Docket 57.

A governmental entity is liable under § 1983 "only when the entity itself is a moving force behind the violation. That is, the entity's official policy or custom must have caused the constitutional violation." *Clay v. Conlee*, 815

7

F.2d 1164, 1170 (8th Cir. 1987). "Because the real party in interest in an official capacity suit is the governmental entity and not the named official, the entity's policy or custom must have played a part in the violation of federal law." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (citing *Graham*, 473 U.S. at 166). Smith has neither alleged nor identified a policy or custom of unconstitutional action taken by the South Dakota State Penitentiary that would subject defendants to liability in their official capacities. Defendants are entitled to summary judgment because Smith has not identified a policy or custom that caused the purported Eighth Amendment violation. Accordingly, defendants are entitled to summary judgment.

### III. Claims Against Inmate Crawford

The Prison Litigation Reform Act (PLRA) applies to Smith's claims because he is an inmate who is litigating in forma pauperis. This court is, therefore, required to "screen" his case. Under the PLRA, this court must dismiss a case, if "at any time, the court determines that . . . the action or appeal . . . is frivolous or malicious, [or] fails to state a claim on which relief may be granted[.]" 28 U.S.C. § 1915(e).

Smith names inmate Keath Crawford as a defendant. In order for an individual to be liable under § 1983, he or she must have acted under color of state law. Smith has provided no indication that Crawford was acting under color of state law at the time of the alleged assault. For example, there is no

indication that Crawford was carrying out a specific order of a corrections officer or that he was granted authority over other inmates. *See Pearl v. Dobbs*, 649 F.2d 608, 609 n.1 (8th Cir. 1981) (noting an inmate who was carrying out officer's order or was granted authority over other inmates would act under color of state law for purposes of § 1983); *United States ex. rel. Twomey*, 479 F.2d 701, 719 (7th Cir. 1973) (finding an inmate who assaulted another inmate was not liable under § 1983), *cert. denied*, 414 U.S. 1146 (1974). Thus, Crawford is not liable to Smith under § 1983. Smith has, therefore, failed to state a claim upon which relief may be granted against Crawford. Therefore, it is

ORDERED that defendants' motion for summary judgment (Docket 56) is granted.

IT IS FURTHER ORDERED that Smith's claim against defendant inmate Keath Crawford is dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e).

IT IS FURTHER ORDERED that Smith's motion for leave to file a late affidavit (Docket 66) is denied as moot.

Dated February 3, 2011.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE

9